ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| MARLA BONILLA GONZÁLEZ<br><br>Peticionaria<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES OF PUERTO RICO, LLC d/b/a MMM<br><br>Recurrida | KLCE202401323 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número:<br>SJ2024CV09006<br><br>Salón: 908<br><br>Sobre: ACOSO LABORAL Y OTROS |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de enero de 2025.

Comparece Marla Bonilla González ("señora Bonilla González" o "Peticionaria") mediante *Petición de Certiorari* y solicita que revisemos la *Resolución* dictada el 3 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). Mediante el referido dictamen, el TPI levantó la anotación de rebeldía impuesta a The Elevance Health Companies of Puerto Rico, LLC d/b/a MMM ("MMM" o "Recurrida"), por incumplir con el término para presentar su alegación responsiva.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I.**

El 27 de septiembre de 2024, la señora Bonilla González presentó una *Querella* en contra de MMM, al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "*Ley de Procedimiento Sumario de Reclamaciones Laborales*" ("Ley 2-1961"), 32 LPRA sec. 3118 *et seq.*, por acoso laboral y represalias en el empleo.

El 18 de octubre de 2024, la Peticionaria diligenció el emplazamiento a MMM. Transcurridos diez (10) desde el emplazamiento, sin que MMM

presentara su alegación responsiva, el 29 de octubre de 2024, la señora Bonilla González instó una *Solicitud de Anotación de Rebeldía.*

El 30 de octubre de 2024, MMM notificó el traslado del pleito de epígrafe al Tribunal de Distrito, debido a que la Peticionaria presentó reclamaciones al amparo del Título III de la Ley de Derechos Civiles. Ese mismo día, el foro de instancia notificó una *Orden*, dictada el 29 de octubre de 2024, mediante la cual le anotó la rebeldía a MMM, como consecuencia por no presentar su contestación a la *Querella*.

Posteriormente, la señora Bonilla González desistió de sus reclamaciones al amparo del estatuto federal y solicitó la devolución del pleito ante el TPI. El 14 de noviembre de 2024, el foro federal emitió una *Remand Order*, notificada el 18 de noviembre 2024, mediante la cual acogió el desistimiento de la Peticionaria y regresó el caso al foro de instancia.

El 27 de noviembre de 2024, MMM presentó una *Moción Informativa y en Solicitud de Orden*. En lo aquí pertinente, la Recurrida alegó que la rebeldía fue anotada sin jurisdicción, luego de que el foro federal asumió jurisdicción sobre el pleito y, por ende, era nula *ab initio*. Por tanto, solicitó que se levantara la anotación de rebeldía.

Por otra parte, el 29 de noviembre de 2024, la Peticionaria instó su *Oposición a Declarar Nula Anotación de Rebeldía*. La señora Bonilla González arguyó que MMM incumplió con el término dispuesto para presentar su contestación a la *Querella* y, como consecuencia, procedía la anotación de rebeldía.

Tras varias instancias procesales, el 3 de diciembre de 2024, el foro de instancia, levantó la rebeldía anotada a MMM y le concedió cinco (5) días para presentar su contestación a la querella. En cumplimiento, el 6 de diciembre de 2024, MMM presentó su *Contestación a Querella*.

Inconforme, el 9 de diciembre de 2024, la señora Bonilla González acudió ante nos mediante *Petición de Certiorari*. La Peticionaria realizó el siguiente señalamiento de error:

**Erró el Honorable Tribunal de Primera Instancia al relevar a la parte querellada de los efectos de la anotación de la**

**rebeldía y dar a la parte querellada término para presentar su contestación a querella.**

Por su parte, el 19 de diciembre de 2024, MMM notificó su *Oposición a Expedición de Recurso de Certiorari*. Perfeccionado el recurso y con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

La Ley Núm. 2-1961, también conocida como la "*Ley de Procedimientos Sumario de Reclamaciones Laborales*", 32 LPRA sec. 3118 *et. seq.*, provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales. La esencia del trámite sumario creado por la Ley Núm. 2-1961, *supra*, es proveer un mecanismo judicial para que se consideren y adjudiquen querellas de obreros o empleados de manera rápida, principalmente en casos de reclamaciones salariales y beneficios. *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019) *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 732. Con su adopción, el legislador pretendió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que éstos presenten contra sus patronos. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008); *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011). Con el fin de adelantar su propósito, la ley estableció lo siguiente:

> (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los

términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Rivera v. Insular Wire Products Corp.*, supra, págs. 923-924. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016).

Reiteradamente, nuestro más Alto Foro ha expresado que "*[l]a esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2... constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más...*". (Citas omitidas). *Rodríguez et al. v. Rivera et al.*, 155 DPR 838, 856 (2001). Es por ello que, la Ley 2-1961, *supra*, introdujo a nuestro ordenamiento jurídico un trámite especial y expedito para atender las querellas relacionadas con disputas laborales presentadas por empleados o empleadas, u obreros u obreras en contra de sus patronos. En estos casos se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, (2021).

Como podrá observarse, el procedimiento sumario creado por la Ley Núm. 2-1961, *supra*, es uno abarcador que al hacer un balance de los intereses envueltos impone la carga procesal más onerosa al patrono, sin que esto signifique que éste queda privado de defender sus derechos. *Rivera v. Insular Wire Products Corp.*, *supra*, pág. 924. En vista de su carácter reparador, esta ley debe ser interpretada liberalmente a favor del empleado. (Cita omitida). *Ruiz v. Col. San Agustín*, 152 DPR 226, 232 (1998).

Por otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 501 (1999), el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse en relación con el alcance de la revisión judicial de resoluciones interlocutorias dictadas en un procedimiento sumario instado al amparo de la Ley Núm. 2-1961, *supra*. Allí expresó lo siguiente:

De una lectura de los preceptos anteriores se desprende que el legislador no tuvo la intención expresa de que estuviera disponible un mecanismo de revisión directa de las resoluciones interlocutorias. Más aún, en todos los debates celebrados en la Cámara y el Senado en torno al P. del S. 194 -que dio origen a la ley que analizamos- **no se hizo mención de la posibilidad**

**de que tales resoluciones interlocutorias fueran revisables**. Todo lo anterior abunda a nuestra conclusión de que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, debemos autolimitar nuestra facultad al efecto. *Id.*, pág. 496.

A manera de excepción, serán revisables por el foro apelativo aquellas determinaciones interlocutorias dictadas en un procedimiento laboral sumario cuando: (1) el foro primario haya actuado sin jurisdicción; (2) la revisión inmediata disponga del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339 (2021).

**III.**

La señora Bonilla González aduce que el foro de instancia incidió al levantar la rebeldía previamente anotada a MMM, por incumplimiento con el término dispuesto para presentar su alegación responsiva.

Según hemos reseñado, las reclamaciones instadas al amparo del procedimiento sumario consagrado en la Ley 2-1961, *supra*, exigen celeridad en su tramitación. De tal modo que, como norma general, esta Curia carece de jurisdicción para revisar dictámenes interlocutorios emitidos en pleitos incoados al amparo del procedimiento sumario laboral. No obstante, a manera de excepción, nuestro más Alto Foro ha reconocido las siguientes tres (3) instancias en las que podremos intervenir con una determinación interlocutoria: (1) el foro de instancia actuó sin jurisdicción; (2) la revisión inmediata dispone del caso por completo, y; (3) cuando la revisión evite una grave injusticia. *Díaz Santiago v. PUCPR et al.*, *supra.*

Luego de examinar el expediente a la luz de los criterios esbozados no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Por todo lo cual, no procede nuestra intervención en esta etapa del procedimiento.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto solicitado.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones